**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4341**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM TIMOTHY KEMPH,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (2:06-cr-00159-JBF-JEB-1)

_____

Submitted:  January 29, 2009          Decided:  March 13, 2009

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jon M. Babineau, SAUNDERS BARLOW RIDDICK BABINEAU, PC, Suffolk,
Virginia, for Appellant.  Sherrie Scott Capotosto, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Timothy Kemph pleaded guilty, without a written plea agreement, to eight charges involving the possession, distribution and manufacture of methamphetamine, and one charge of possession of a firearm by a convicted felon. Kemph was sentenced to 240 months' imprisonment. The court also ordered forfeiture of property belonging to Kemph, including two vehicles, a camper/trailer, twenty-two acres of real property located in Floyd County, Virginia, and a firearm. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal, but questions whether the district court erred in determining that Kemp's real and personal property were subject to forfeiture[1] and whether the court abused its discretion in imposing a sentence above the statutory mandatory minimum term of ten years. Kemph was notified of the opportunity to file a pro se supplemental brief, but has failed to do so.[2] We affirm.

In a criminal forfeiture proceeding pursuant to 21 U.S.C. § 853 (2006), the Government must establish the elements

---

[1] Kemph did not contest forfeiture of a firearm transferred to an undercover agent as a part of a drug transaction.

[2] The Government declined to file a responding brief.

2

of forfeiture by a preponderance of the evidence. United States v. Tanner, 61 F.3d 231 (4th Cir. 1995). Property is subject to forfeiture under § 853(a)(2) if it is "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of," a violation of the Uniform Controlled Substances Act.

We conclude that the Government established by a preponderance of the evidence that Kemph used his vehicles and his trailer to store and deliver drugs. The evidence also established that Kemph partially paid for the real property with drugs and stored drugs on the property. Accordingly, the district court properly concluded that Kemph's vehicles and real property were used to facilitate methamphetamine distribution and were, therefore, subject to forfeiture.

Turning to Kemph's sentence, Kemph moved for a downward departure based on U.S. Sentencing Guidelines Manual (USSG) § 5H1.4 (2006), allowing departure on the basis of "extraordinary physical impairment," such as a "seriously infirm defendant." Kemph's counsel cited his "significant" medical issues, including asbestosis, glaucoma, chronic pulmonary lung disease, and hypertension, and his psychiatric conditions. Although the district court granted a downward departure and imposed a sentence that was fifty-two months below the bottom of the guideline range, Kemph contends that the court should have

3

further departed and sentenced him to ten years, the statutory mandatory minimum sentence for the conspiracy count.

We review sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When imposing a sentence, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C. § 3553(a) (West 2006); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. A sentence within the properly calculated sentencing guidelines range is presumed reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence).

In sentencing Kemph, the district court properly determined that his advisory guideline sentencing range was 292 to 365 months, considered the relevant factors under § 3553(a), and granted Kemph's motion for a downward departure. The court's ruling on Kemph's departure motion is not reviewable unless the district court was under the mistaken impression that it lacked the authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006). Here, as the district court

4

departed from the guideline range, it is obvious that the court understood its authority to depart and Kemph's claim regarding the extent of the departure is not cognizable on appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Kemph's convictions and sentence. This court requires that counsel inform Kemph, in writing, of his right to petition the Supreme Court of the United States for further review. If Kemph requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kemph.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>